IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FARRELL-COOPER MINING COMPANY, )<br>)<br>Plaintiff, )<br>)<br>v.   )<br>)<br>THE U.S. DEPARTMENT OF THE   )<br>INTERIOR, et.al.,   )<br>)<br>Defendants.) | No. CIV-11-428-FHS |

**ORDER**

Before the court for its consideration is the Defendant's Motion to Dismiss (Doc.31).  In the motion to dismiss the federal defendants have argued that this court lacks subject matter jurisdiction and as a result this court must dismiss this action pursuant to F.R.C.P. 12 (b)(1) for plaintiff's failure to exhaust administrative remedies.  Federal defendants also argue this court should dismiss this case due to plaintiff's failure to state a claim upon which relief can be granted.  Plaintiff has argued this court has the jurisdiction to hear this case now.  Plaintiff has argued it is not required to exhaust administrative remedies before it brings an action regarding enforcement provisions.  Further, plaintiff is not required to exhaust as to the constitutional issues it raises in its First Amended Complaint.   The court

1

rules as follows on the motion.

On December 8, 2011, plaintiff filed a Motion for Temporary Restraining Order, Stay, and a Preliminary Injunction.  In that request, plaintiff requested the court to restrain the United States Department of the Interior, the Secretary of the Interior, the Office of Surface Mining and its Director, all collectively hereinafter "OSMRE" from taking any action pursuant to the Ten Day Notices and the Ten Day Notice decisions. In addition, it requested the court stay any and all OSMRE actions taken pursuant to the Ten Day Notice Decisions, including the mandated abatement at Liberty #5 and, any time limits set forth in the Notice of Violation at Liberty #5 for Farrell-Cooper to take any action.  Federal Defendants filed a motion to dismiss arguing this court did not have jurisdiction over these issues. In its opposition to the federal defendants Motion to Dismiss plaintiff has argued that:

> At its core, Farrell-Cooper's First Amended Complaint pleads that the United States Department of the Interior, through the office of Surface Mining ("OSMRE") has blatantly disregarded the limits of its authority and plaintiffs Fifth Amendment rights to procedural and substantive due process. The OSMRE has taken ultra vires and unconstitutional actions that threaten to destroy Farrell-Cooper's protected interested (its mining permits and survival as a company)usurp the federally-

2

>granted exclusive jurisdiction of the State of Oklahoma in the regulation of surface coal mining and literally order Farrell-Cooper to violate either Oklahoma law or OSMRE orders at its peril.

Defendants argue their action are not ultra vires or unconstitutional but are in accordance with the federal law titled Surface Mining Control and Reclamation Act hereinafter SMCRA.  The essence of plaintiff's claim is an attack on an administrative action by the federal defendants taken in accordance with the Secretary's regulations. The court finds that when a party is attacking an administrative action taken in accordance with the Secretary's regulations this amounts to an attack on the regulations themselves and must be heard in the District Court for the District of Columbia.

>30 U.S.C. Sec. 1276 (a) (1) provides:

>>Any action by the Secretary promulgating national rules or regulations ... shall be subject to judicial review in the United States District Court for the District of Columbia Circuit.

In <u>Clinchfield Coal Company v. Department of Interior</u>, 802 F.2d 102 (4th Cir. 1986), the district court enjoined the Secretary of the Interior from enforcing a notice of violation issued pursuant to the Surface Mining Control and Reclamation Act, pending the

3

completion of exhaustion of administrative remedies. In granting the injunction, the district court found there was a substantial likelihood that plaintiff would prevail on the merits because the district court found the Secretary's national regulation, exceeded the Secretary's statutory authority.  The Secretary appealed the district court's decision stating it did not have jurisdiction to review the validity of the regulations.  On appeal, the Fourth Circuit Court of Appeals held

> In reaching the decision to issue the temporary injunction in the present case, the district court found that the regulation set forth in 30 C.F.R. § 843.12(a)(2) was void because it went beyond the scope of authority granted to the Office of Surface Mining Reclamation and Enforcement (OSM). Since this represents an attack upon the regulation, the U.S. District Court for the Western District of Virginia did not have jurisdiction to consider this point or make this finding. We reverse the district court and remand this matter to the district court with instructions to dissolve the preliminary injunction. Id. at 103.

In Commonwealth of Virginia v. Watt, 741 F.2d 37 (4th Cir.1984), the court found that an attack on administrative action taken in accordance with the Secretary of Interior's regulations under SMCRA was an attack on the regulations themselves and may be heard only in the U.S. District Court for the District of

4

Columbia.

In <u>United States v. Spring Ridge Coal Company</u>, 793 F. Supp. 124, 126 (N.D.W. 1992), the court stated: "To the extent that Defendant challenges the validity of the regulations promulgated by the Secretary of the Department of Interior pursuant to SMCRA, the Court absolutely agrees with Plaintiff that this Court is an inappropriate forum for such an argument." The court went on to hold that the United States District Court for the District of Columbia was the appropriate forum. <u>Id</u>.

This court finds the plaintiff's claims in this case challenge the validity of the regulations promulgated by the federal defendants pursuant to SMCRA. The court finds this is an attack on the statute itself and should be brought in the United States District Court for the District of Columbia.  As a result, this court finds this court does not have jurisdiction over this action. See <u>Clinchfield Coal Company v. Department of Interior</u>, 802 F.2d 102 (4th Cir. 1986).  Accordingly, defendant's motion to dismiss is hereby **GRANTED**.

IT IS SO ORDERED this 8th day of May, 2012.

_/s/ Frank H. Seay_
Frank H. Seay
United States District Judge